### BROWN v. WORSTER.

(Circuit Court, E. D. Pennsylvania. February 7, 1902.)

**1. TIME OF TAKING TESTIMONY—ENFORCEMENT OF RULE.**

Rule 69, limiting the time wherein testimony may be taken to three months after the case is issued, will be enforced unless by a written stipulation the parties agree to a longer period, or, if no such agreement can be reached, unless the court has extended the time on a proper application.

**2. CROSS-EXAMINATION—OBJECTIONS.**

Where, in the taking of testimony for use at a trial, irrelevant or otherwise improper cross-examination is indulged in, the questions should ordinarily be answered, and the error dealt with as a question of costs.

In Equity.

Henry E. Everding, for complainant.
George J. Harding, for respondent.

J. B. McPHERSON, District Judge. Applications to extend the time for taking testimony in patent cases are so often made that it seems desirable both to Judge DALLAS and myself to express our views briefly on the general subject. Rule 69, limiting the time wherein testimony may be taken to three months after the case is at issue, is habitually disregarded,—frequently, no doubt, by express or tacit agreement between the opposing counsel,—and this irregular practice often results in difficulties from which the court is asked to extricate one or both of the offenders. We try to make an allowance for the pressure that a large practice entails upon a busy lawyer, and have, therefore, been liberal in our treatment of these applications. But, when such motions are opposed, it is very difficult indeed for the court to decide what ought to be done, without taking up a great deal of time in going over the whole case in order to reach the proper point of view. We therefore ask the bar, especially in patent cases, to comply strictly with rule 69, unless it is clear to both sides that three months is too short a time. If this period is too short, we suggest that counsel by written stipulation—which we will recognize and adopt—agree to a longer period. If no such agreement can be reached, the court will then act upon a proper application for extension. When time has been apportioned under rule 67, we shall ex-

pect diligence, and further time will not be granted unless diligence appears.

The present application would be refused if it were not for the looseness of practice that has heretofore prevailed. The complainant has certainly not been diligent, and has not explained his delay; but I do not wish to be strict without notice, and he is therefore allowed 10 days more (including February 17th) to complete his prima facie case.

The motion to expunge or compel defendant to print the cross-examination as part of his own testimony is refused. The witness must answer cross-question 41. If irrelevant or otherwise improper cross-examination is indulged in, it can ordinarily be dealt with satisfactorily as a question of costs. In doubtful cases this, I think, is the proper course. Where the offense is clear, the court has ample power to stop it summarily.