### WHITEHEAD & HOAG CO. v. O'CALLAHAN.

(Circuit Court, E. D. Pennsylvania. May 19, 1904.)

#### No. 3.

1. EQUITY—TAKING TESTIMONY BEFORE EXAMINER—OBJECTIONS.
    In taking testimony before an examiner for use on a trial, where there is a doubt as to the relevancy or propriety of a question asked on cross-examination, the witness should be required to answer.

In Equity. On application for order directing witness to answer question on cross-examination.

Andrew Wilson, for complainant.
Michael J. Ryan, for respondent.

HOLLAND, District Judge. This is a matter certified to this court by Samuel Bell, special examiner, to compel John O'Callahan, a witness called by the defendant, to answer question No. 95, to wit: "Where is James O'Brien now—where is he employed, or where does he reside?" Counsel for the respondent directed the witness not to answer that question, which direction was observed by him, and witness refused to answer. Counsel for respondent contends that it was not proper cross-examination, as there were no questions asked in direct examination to which this cross-examination is germane.

The rule as to the discretion of the trial court in permitting defendant, at the time of cross-examination of a witness for plaintiff, to examine him as to matters of defense, seems to be different in differ-

ent circuits. It is held in the Sixth Circuit that cross-examination must be confined to the matters testified to upon direct examination (Montgomery et al. v. Ætna Life Insurance Company, 97 Fed. 913, 38 C. C. A. 553), and in the Fifth Circuit that the trial court may, in its discretion, permit a plaintiff's witness to be cross-examined by the defendant on matters of defense (Merchants' Life Association of the United States v. Yoakum, 98 Fed. 251, 39 C. C. A. 56). The discretion, however, allowed by the courts in Pennsylvania is a very narrow one, and, as a rule, the cross-examination is confined to questions which are germane to the direct examination. In Brown v. Worster, 113 Fed. 20, Judge McPherson, in this district, in passing upon a similar question, ruled as follows:

"The witness must answer. * * * If irrelevant or otherwise improper cross-examination is indulged in, it can ordinarily be dealt with satisfactorily as a question of costs. In doubtful cases this, I think, is the proper course. Where the offense is clear, the court has ample power to stop it summarily."

The case at bar comes within the rule in Brown v. Worster, and the witness John O'Callahan is directed to answer question No. 95.